UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 15-10338-FDS |
| | ) |
| 7.   EDWIN GUZMAN | ) |
|       a/k/a "PLAYA," | ) |
| | ) |
|       Defendant | ) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING UNCHARGED ACTS

The United States opposes the motion in limine filed by defendant Edwin Guzman, a/k/a "Playa," to exclude testimony regarding uncharged acts. D.1897. Guzman invokes Fed. R. Evid. 404(b) and 403 as the basis for excluding testimony regarding his participation in two attempted murders that are not specifically referenced in the Fifth Superseding Indictment, but neither rule renders the challenged evidence inadmissible. The motion should be denied.

On January 26, 2018, the government disclosed to defense counsel that, during a pretrial preparation meeting, "CW-7 also advised that Playa participated in two attempted murders of rival gang members: one in 2003 or 2004 involving a machete attack, which caused Playa to get the Second Word in ESLS; and one in Somerville with Tecolote where they stabbed the guy and left his intestines hanging out." Guzman characterizes the content of this disclosure as "404(b) information" and contends that it is inadmissible for a number of reasons, none of which are availing.

Foremost, the information provided by CW-7 concerning Guzman's participation in two attempted murders does not implicate Rule 404(b) at all. Rule 404(b) prohibits the use of

prior bad acts evidence "to prove a person's character in order to show" action in conformity therewith. Fed. R. Evid. 404(b). The First Circuit has repeatedly held that "evidence concerning matters intrinsic to the crime charged does not trigger this provision." *United States v. Robles-Alvarez*, 874 F.3d 46, 50–51 (1st Cir. 2017) (internal quotations, alteration and citation omitted); *United States v. Souza*, 749 F.3d 74, 84 n.2 (1st Cir. 2014); *United States v. Mare*, 668 F.3d 35, 39 (1st Cir. 2012); *United States v. Villarman–Oviedo,* 325 F.3d 1, 11 (1st Cir. 2003) (holding that where evidence is not of "other crimes, wrongs, or acts" but is intrinsic to the crime charged, "Rule 404(b) is really not implicated at all"). "Intrinsic evidence includes prior acts that are 'part of [the] necessary description of the events leading up to the crime' or that go to 'an element of the charged offense.'" *Souza*, 749 F.3d at 84 (quoting *United States v. Fazal–Ur–Raheman–Fazal,* 355 F.3d 40, 50 (1st Cir. 2004) (alterations omitted)). *See also Robles-Alvarez*, 874 F.3d at 50-51; *United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010) (explaining that evidence is admissible for purpose of "allowing the jury to understand the circumstances surrounding the charged crime" or "completing the story").

Here, the Fifth Superseding Indictment charges Guzman with conspiracy to commit racketeering "[f]rom a time unknown to the Grand Jury and continuing until in or about January 2016" and alleges that one of the manner and means by which Guzman and others conspired to conduct and participate in the affairs of the MS-13 enterprise was by following "the rule that MS-13 members and associates attempt to kill members of rival gangs, including the 18th Street gang, whenever possible." Fifth Superseding Indictment at ¶¶25, 28(c). Thus, evidence that Guzman twice attempted to kill rival gang members is evidence that tends to prove the charged conspiracy. In particular, it tends to prove Guzman's specific intent in joining the charged RICO conspiracy: that he agreed that he or some member or members of

the MS-13 conspiracy would commit at least two racketeering acts, including attempted murder. This evidence also tends to prove the existence of the MS-13 enterprise. CW-7 is expected to testify that Guzman claimed that his attempted murder of a rival gang member in 2003 or 2004 caused him to be promoted to Second Word of the Eastside clique. Evidence that Guzman earned a leadership role in his clique for following MS-13 gang rules—that is, by committing a serious act of violence against a rival gang member—is relevant to show the organization, structure, and operating principles of the MS-13 enterprise. Similarly, evidence that Guzman bragged about the attempted murder he committed with Tecolote in Somerville tends to prove that MS-13 used and celebrated violence as a means to gain control over its rivals. In short, the evidence is part and parcel of the charged conspiracy and tends to prove one or more elements of the crime. It therefore does not fall within the ambit of Rule 404(b)'s prohibition against the use of prior bad acts as propensity evidence.[1]

Even if the challenged evidence were analyzed under Rule 404(b), it would be admissible. Evidence that Guzman committed two attempted murders, which earned him a promotion and bragging rights, is specially relevant to prove his knowledge and intent in joining the MS-13 racketeering conspiracy. It is also admissible "to explain the background, formation, and development of the illegal relationship, and, more specifically, to help the jury understand the basis for the co-conspirators' relationship of mutual trust." *United States v. Escobar-de Jesus,* 187 F.3d 148, 169 (1st Cir. 1999) (internal citations omitted). Moreover, given the nature of the alleged conspiracy, which requires proof that Guzman agreed that some

---

[1] Because the challenged evidence is admissible without regard to Rule 404(b), Guzman's claims of untimely disclosure need not be addressed. Similarly, his claims regarding the lack of specificity as to the timing and details of the attempted murders go to the weight, not the admissibility, of the evidence.

member or members of the MS-13 conspiracy would commit at least two racketeering acts, including attempted murder, evidence of Guzman's own participation in two attempted murders cannot be said to be so unfairly prejudicial as to outweigh the probative value of the evidence. *United States v. Morales-Aldahondo*, 524 F.3d 115, 119-20 (1st Cir. 2008) ("In balancing the scales of Rule 403, it is important to note that only 'unfair' prejudice is to be avoided, as 'by design, all evidence is meant to be prejudicial.'") (quoting *United States v. Varoudakis,* 233 F.3d 113, 122 (1st Cir. 2000)).

For all of the foregoing reasons, the government respectfully requests that the Court deny the motion to exclude the challenged testimony.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Kelly Begg Lawrence*
     KELLY BEGG LAWRENCE
     CHRISTOPHER POHL
     Assistant United States Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on February 6, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:   */s/ Kelly Begg Lawrence*
     KELLY BEGG LAWRENCE
     Assistant United States Attorney