**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES of AMERICA** | ) | |
| | ) | **Criminal No.** |
| **v.** | ) | **15-10338-7-FDS** |
| | ) | |
| **EDWIN GUZMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

**ORDER ON DEFENDANT'S**
**MOTION FOR RELEASE PENDING APPEAL**

**SAYLOR, C.J.**

This is a motion for release pending appeal pursuant to 18 U.S.C. § 3143.  In February

2018, defendant Edwin Guzman was convicted of one count of racketeering conspiracy in

violation of 18 U.S.C. § 1962(d), following a jury trial.  He had a leadership role in a local

chapter of MS-13, a violent transnational criminal organization that promotes the assault and

murder of its rivals.  He was sentenced to a 192-month term of imprisonment followed by a

three-year term of supervised release.  Through counsel, he filed a timely appeal.  He now moves

for release pending appeal, contending (1) that he is not likely to flee or pose a danger to the

safety of any other person or the community; (2) that his appeal raises a substantial question of

law or fact likely to be resolved in his favor; and (3) that the ongoing COVID-19 pandemic

constitutes "exceptional circumstances" warranting his release.  For the following reasons, the

motion will be denied.

"Under the Bail Reform Act of 1984, there is no presumption in favor of release pending

appeal; on the contrary, even when the conviction does not involve a crime of violence or drug

offense, detention (following conviction and sentencing) is mandatory" unless the court finds

that the statutory requirements for release are satisfied pursuant to 18 U.S.C. § 3143(b).  *United*

*States v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002).  First, the court must find "by clear and

convincing evidence that the person is not likely to flee or pose a danger to the safety of any

other person in the community if released."  18 U.S.C. § 3143(b)(1)(A).  Second, the court must

find that "the appeal is not for the purpose of delay and raises a question of law or fact likely to

result in reversal, an order for a new trial, a sentence that does not include a term of

imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time

already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B).  A

defendant who meets both of these criteria is eligible for release pending appeal.  However, if the

defendant has been convicted of a crime of violence, an offense for which the maximum

sentence is life imprisonment or death, or a controlled substances offense for which the

maximum sentence is ten years or more, he is subject to mandatory detention and may not be

released pending appeal unless there are "exceptional reasons why such person's detention

would not be appropriate."  *See* 18 U.S.C. §§ 3143(b)(2), 3142(f)(1), 3145(c).

As to the first requirement of 18 U.S.C. § 3143(b)(1), defendant has not shown by clear

and convincing evidence that he (1) is not likely to flee, and (2) does not pose a danger to the

safety of any other person or the community if released.  Defendant contends that he is not a

flight risk due to his extensive community and family ties—he supported his wife, two

daughters, and elderly mother, held steady employment, owns a house, and is a naturalized

American citizen.  (Def. Mot. at 10-11).  He also contends that he would not be a safety risk if

released, because he did not personally perpetrate acts of violence as a member of MS-13, was

attempting to distance himself from the gang preceding his arrest, and has had an exemplary

disciplinary record while incarcerated, completing many programs while avoiding disciplinary

infractions and gang activity. (*Id.*). Defendant's community ties and rehabilitative efforts in

prison, while commendable, are not sufficient to overcome the fact that he poses a threat to the

safety of others through his active leadership role within a violent gang that encourages assault

and murder—a finding that was critical to the Court's sentencing decision.[1]  The evidence

elicited at trial indicated that defendant was a member of MS-13 and the second-in-command of

his local chapter or "clique"; that he encouraged his clique members to violently assault rival

gang members with knives and firearms; that he acted as an accessory after the fact to an

attempted murder on at least one occasion; that he collected dues from members, in part to pay

for illegal firearms; and that he recruited and initiated young members to MS-13 after they had

committed the qualifying acts of violence to gain membership, including in at least one case a

murder.  (Tr. of Sentencing at 60-63).  There was no evidence that he seriously attempted to

leave the gang at any point.  (*Id.* at 62-63).  In summary, he has not shown, by clear and

convincing evidence, that he would not pose a safety risk to others if released, and therefore has

not satisfied the first requirement to be eligible for release pending appeal pursuant to 18 U.S.C.

§ 3143(b)(1).

As to the second requirement of 18 U.S.C. § 3143(b)(1), defendant has not sufficiently

shown that his appeal "raises a substantial question of law or fact" that is "likely to result in

reversal," an "order for a new trial," a non-prison sentence, or an effective reduction in sentence

to time served.  A "substantial question of law or fact" is "a 'close' question or one that very well

could be decided the other way."  *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)

(quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).  The substantial

question of law or fact raised is "likely to result in" one of the enumerated outcomes if "it is

---

[1] The Court departed upward from the guideline sentence of 121 to 151 months of imprisonment, on the basis that "[d]efendant was the 'second word' in an MS-13 clique (a violent street gang) that encouraged murder and rewarded aspiring members for having committed murders."  (Statement of Reasons at 2, Dkt. No. 2847).

more probable than not that a favorable decision [on the disputed question of law or fact] will result in a reversal of the conviction or a new trial"; that is, it must be prejudicial rather than harmless error.  *Bayko*, 774 F.2d at 522.

Defendant highlights two appeal issues that he contends are substantial:  first, he contends that the Court erred when it instructed the jury that the government needed to prove that the defendants "*shared a general understanding* about the crime," rather than "acted with *the specific intent* to advance or further the unlawful object of the conspiracy."  But failure to give a requested jury instruction is reversible error only if the requested instruction is "substantively correct," "was not substantially covered in the charge actually delivered to the jury," and "concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense."  *United States v. Gonzalez-Soberal*, 109 F.3d 64, 70 (1st Cir. 1997).  Here, the requested instruction on specific intent *was* delivered to the jury in the Court's statement of the elements of racketeering conspiracy (Tr. of Trial Day 15, Dkt. No. 2748, at 205-207); and "[j]ury instructions must be read as whole," rather than "construed in a vacuum."  *United States v. Goris*, 876 F.3d 40, 48 (1st Cir. 2017).  Indeed, the First Circuit has specifically upheld the "shared a general understanding about the crime" language in a jury instruction on the law of conspiracy as "a fair statement of the applicable law."  *United States v. Barnes*, 251 F.3d 251, 259 (1st Cir. 2001).  Whether the Court's jury instructions constituted reversible error is therefore not a close question.

Second, he contends that the evidence was legally insufficient to convict, because it did not show that he participated in, had foreknowledge of, or specifically intended the commission of any of the charged racketeering acts committed by his co-defendants.  This contention is not a "substantial question of law or fact" because it is not a close question that "very well could be

decided" in a manner favorable to defendant. *Bayko*, 774 F.2d at 523. When reviewing a

sufficiency of evidence claim, the Court of Appeals must "examine the evidence . . . in the light

most favorable to the jury's verdict" and ask whether a reasonable factfinder could have

concluded that the defendant was guilty beyond a reasonable doubt. *United States v. Perez-*

*Melendez*, 599 F.3d 31, 40 (1st Cir. 2010) (internal citations omitted). A challenge based on

insufficiency of evidence is an "uphill battle on appeal" and is not likely to resolve favorably for

defendant. *Id.*

In sum, neither the challenge to the jury instructions nor the challenge to the sufficiency

of the evidence raises a substantial question of law or fact likely to result in reversal or a new

trial, and therefore defendant has not satisfied the second requirement to be eligible for release

pending appeal pursuant to 18 U.S.C. § 3143.

It is unnecessary to consider the "exceptional reasons" to release defendant because he

does not meet the conditions for release pending appeal. 18 U.S.C. §§ 3143, 3145(c). However,

even if he were eligible for release, defendant has not shown "exceptional reasons why [his]

detention would not be appropriate." 18 U.S.C. § 3145(c). Defendant contends that he is at

heightened risk for infection and complications from the COVID-19 pandemic because it is

impossible to practice social distancing in the cramped quarters of prison, and he suffers from

Type II Diabetes Mellitus and tested positive for tuberculosis in 2016. (Def. Mot. at 16-17; PSR

at ¶¶ 143-44).[2] The CDC has identified diabetes as a medical condition that might place a person

at higher risk for severe illness from COVID-19. *People Who Are at Higher Risk for Severe*

*Illness*, CENTER FOR DISEASE CONTROL AND PREVENTION (Apr. 15, 2020),

http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

---

[2] Defendant was treated for tuberculosis in 2016, and subsequent tests in 2016, 2017, and 2018 were
negative for the presence of active tuberculosis. (PSR at ¶ 144).

The Court is of course aware of the impact of the pandemic, and the particular dangers posed by the disease in a prison setting.  Nonetheless, the Court does not find, based on the evidence in the record, that the ongoing pandemic constitutes an "exceptional reason" for defendant's release.  To date, it appears that only one staff member, and no inmates, at defendant's facility, FCI Allenwood, have become infected with COVID-19, and the Bureau of Prisons has instituted precautionary measures to prevent transmission.  (Def. Mot. at 16; Gov't Opp. at 12).  While he does suffer from an underlying condition, he appears to be managing his diabetes effectively with medication—at least as of the writing of the Pre-Sentencing Memorandum in November 2018, which is the most recent documentation of his medical condition provided by defendant.  At 34 years old, he is not in the high-risk age category for severe illness.  And unlike inmates who become eligible for early release or home confinement near the end of a lengthy sentence, he has served a fraction of his 192-month sentence.  In sum, defendant has not shown that his specific medical conditions and prison conditions create such a high risk of serious illness that it would qualify as an "exceptional reason" for release.

Accordingly, and for the foregoing reasons, defendant's motion for release pending appeal under 18 U.S.C. § 3143 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV

Dated:  April 24, 2020                                        Chief Judge, United States District Court