UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> EDWIN GUZMAN, a/k/a "PLAYA," </br></br> Defendant. | ) </br> ) </br> ) </br> ) Criminal Action No. </br> ) 15-10338-FDS-7 </br> ) </br> ) </br> ) </br> ) |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR <u>COMPASSIONATE RELEASE</u>

**SAYLOR, C.J.**

On February 23, 2018, Edwin Guzman was convicted of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). Guzman had a leadership role as the second-in-command of a clique of MS-13, a street gang that committed numerous acts of violence. Among other things, he attacked gang rivals, collected dues on behalf of MS-13, aided the efforts of other MS-13 members to evade consequences for murder and attempted murder, and welcomed a new member after he had murdered a gang rival. On November 21, 2018, he was sentenced to 192 months in prison.

Guzman has moved for compassionate release from custody pursuant to 18 U.S.C. § 3582(c). He asks to be released because his mother is seriously ill with breast cancer. He appears to have exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

The eligibility requirements for compassionate release are set forth in 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines. A court may modify a sentence only if, "after considering the factors set forth in section 3553(a) to the extent

they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The proposed reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13(b) describes six circumstances under which "extraordinary and compelling reasons" may exist. U.S.S.G. § 1B1.13. These include (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant, including—as is relevant here—the "incapacitation" of the defendant's parent, where the defendant is the only available caregiver; (4) if the defendant was the victim of abuse; (5) other reasons that are similar in gravity; and (6) if the defendant is facing an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)

Even when an extraordinary and compelling reason exists, a court should grant a motion for compassionate release only if it determines that the defendant is not a danger to the public. USSG § 1B1.13(a)(2). The court must also consider whether the Section 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. The defendant bears the burden of proving that he is entitled to such relief. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case.").

It appears to be undisputed that Guzman's mother is ill with cancer. He does not, however, appear to be the "only available caregiver," as other relatives, including Guzman's wife, apparently live nearby.

Guzman also points to his positive institutional record as evidence of his rehabilitation. Without more, that is not a basis for compassionate release. *United States v. Logan*, 2021 WL 1221481, at *8 (D. Minn. Apr. 1, 2021).

The most important factor, however, is that Guzman was convicted of an offense that involved organized criminal activity centered around murder, attempted murder, and other forms of violence. While he is serving a lengthy sentence, that sentence was entirely justified in light of his conduct of promoting and protecting violence, including murder. Dramatically shortening that sentence because of his mother's illness is not consistent with the statutory goal of protecting the public, would not reflect the seriousness of the offense, would not provide just punishment, and would clearly promote disrespect for the law.

Under the circumstances, and notwithstanding the medical condition of his mother, compassionate release is not warranted. Defendant's motion for compassionate release is therefore DENIED.

**So Ordered.**

Dated: November 6, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court